UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

E-filing

CV 09 2555 PJH

UNITED STATES COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

vs.

SNC ASSET MANAGEMENT, INC., SNC INVESTMENTS, INC., PETER SON and JIN K. CHUNG,

    Defendants,

and,

ANN LEE,

    Relief Defendant.

Civil Action No.

(Proposed) ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR STATUTORY RESTRAINING ORDER, ORDER FOR AN ACCOUNTING, ORDER GRANTING EXPEDITED DISCOVERY, ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF

This matter came before the Court on June 9, 2009, on Plaintiff U.S. Commodity Futures Trading Commission's ("Commission") *Ex Parte* Application for Statutory Restraining Order, Order Requiring an Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief (the "Application"). The Court, having considered the Application and all other evidence presented by the Commission, and having heard the arguments of counsel, finds that:

    1.    This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, 7 U.S.C. §§ 13a-1 and

1  2(c)(2)(B) and (C) (2006) (the "Act"), and Section 2(c)(2) of the Act as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA")), §§ 13101-13204, 122 Stat. 1651(enacted June 18, 2008) (to be codified at 7 U.S.C. § 2(c)(2)).

2.  Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006).

3.  There is good cause to believe that Defendants SNC Asset Management, Inc., ("SNC Asset"), SNC Investments, Inc., ("SNC Investments") and their principals and control persons, Peter Son ("Son") and Jin K. Chung ("Chung") (hereinafter collectively "Defendants") have engaged, are engaging, and are about to engage in acts and practices constituting violations of the Act, as amended, to be codified at 7 U.S.C. § 1 *et seq.*,

4.  There is good cause to believe that Relief Defendant Ann Lee ("Relief Defendant") has received, is receiving, and is about to receive funds, assets or property as a result of Defendants' violative acts and practices and has been unjustifiably enriched thereby. The Relief Defendant does not have any legitimate interest or entitlement to these funds, assets or property received as a result of Defendants' violative conduct.

5.  There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants and Relief Defendant of assets or records unless Defendants and Relief Defendant are immediately restrained and enjoined by Order of the Court.

(Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief          Case No._____

6. Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief Defendant (hereinafter "assets").

7. Good cause exists for entry of an order prohibiting Defendants and Relief Defendant, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants and Relief Defendant, including any successor thereof, from destroying records and/or denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

8. Good cause exists to require an accounting to determine the location and disposition of customer funds.

9. Good cause exists for the Plaintiff to conduct expedited discovery in order to determine the full extent of Defendants' alleged wrongdoing, locate Defendants' other customers, identify customers' funds and other assets, and clarify the source of various funds.

10. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions apply:

11. The term "document" is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure ("FRCP") 34(a), and includes, but

(Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief          Case No._____

3

1  is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings,
2  computer records, and other data compilations from which information can be obtained and
3  translated, if necessary, through detection devices into reasonably usable form. A draft or
4  non-identical copy is a separate document within the meaning of the term.
5
6        12.   The term "assets" means any legal or equitable interest in, right to, or claim
7  to, any real or personal property, whether individually or jointly, directly or indirectly
8  controlled, and wherever located, including but not limited to: chattels, goods, instruments,
9  equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries,
10
11 inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts
12 at other financial institutions), credits, receivables, lines of credit, contracts (including spot,
13 futures, or option contracts), insurance policies, and all cash.
14
       13.   "Defendants" shall mean and refer to not only SNC Asset Management, Inc.,
15
16 SNC Investments, Inc., Peter Son, and Jin Chung, but also to any d/b/a, successor, affiliate,
17 subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the
18 benefit of SNC Asset Management, Inc., SNC Investments, Inc., Peter Son, and/or Jin
19 Chung.
20
       14.   "Relief Defendant" shall mean and refer to not only Ann Lee, but also to any
21
22 d/b/a, successor, or other entity owned, controlled, managed, or held by, on behalf of, or for
23 the benefit of Ann Lee.
24
25
26
27
28 (Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order,
   Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause
   Regarding Preliminary Injunction, and Other Equitable Relief         Case No._____

## RELIEF GRANTED

**I.   Order Against Transfer, Dissipation, and Disposal of Assets**

**IT IS HEREBY ORDERED that:**

15.   Defendants, Relief Defendant, and their agents, servants, employees, assigns, attorneys, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of the assets, wherever located, including the assets held outside the United States, except as provided in Section II of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and those assets acquired after the effective date of this Order.

16.   Defendants and Relief Defendant are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by Defendants or Relief Defendant.

**II.   Accounting and Transfer of Funds and Documents**

**IT IS FURTHER ORDERED,** that within five (5) business days following the service of this Order, Defendants and Relief Defendant shall:

17.   Provide the Commission with a full detailed accounting of all funds, documents, and assets, including the assets inside and outside of the United States that are held by each and every Defendant or Relief Defendant, for their benefit, or under their direct

(Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief       Case No._____

5

1. or indirect control, whether jointly or singly;

   18. Transfer to the territory of the United States and to the possession, custody, and control of the Commission, all funds, documents, and assets, including the assets (other than real property), located outside the United States that are held by each and every Defendant or Relief Defendant, for their benefit, or under their direct or indirect control, whether jointly or singly; and

   19. Provide the Commission access to all records of Defendants and Relief Defendant held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records (attached to this Order as attachments A – E).

### III. Directives to Financial Institutions and Others

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of the assets at any time since January 1, 2000, shall:

   20. Prohibit Defendants, Relief Defendant, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of the assets, except as directed by further Order of the Court;

   21. Deny Defendants and Relief Defendant and all other persons (except for the Commission or a Court appointed receiver) access to any safe deposit box that is: (a) owned,

(Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief                Case No._____

6

1  controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief
2  Defendant, either individually or jointly, whether in the name, alias, or fictitious "doing
3  business as" name; or (b) otherwise subject to access by Defendants or Relief Defendant;
4
5       22.     Provide counsel for the Commission within five (5) business days of receiving
6  a copy of this Order, a statement setting forth: (a) the identification number of each and
7  every account or other asset owned, controlled, managed, or held by, on behalf of, or for the
8  benefit of Defendants or Relief Defendant (as defined above), either individually or jointly;
9  (b) the balance of each such account, or a description of the nature and value of such asset as
10 of the close of business on the day on which this Order is served, and, if the account or other
11
12 asset has been closed or removed, the date closed or removed, the total funds removed in
13 order to close the account, and the name of the person or entity to whom such account or
14 other asset was remitted; and (c) the identification of any safe deposit box that is owned,
15 controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief
16
17 Defendant, either individually or jointly, or is otherwise subject to access by Defendants or
18 Relief Defendant; and
19      23.     Upon request by the Commission, promptly provide the Commission and/or a
20 Receiver with copies of all records or other documentation pertaining to such account or
21
22 asset, including, but not limited to, originals or copies of account applications, account
23 statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts,
24 all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and
25 safe deposit box logs.
26
27
28 (Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief      Case No._____

## IV. Maintenance of Business Records

**IT IS FURTHER ORDERED that:**

24. Defendants, Relief Defendant, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants or Relief Defendant, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices, or business or personal finances of Defendants or Relief Defendant.

## V. Inspection and Copying of Books and Records

**IT IS FURTHER ORDERED that:**

25. Representatives of the Commission shall be immediately allowed to inspect the books, records, and other documents of Defendants, Relief Defendant, and their agents, including, but not limited to, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are in the person of Defendants, Relief Defendant, or others, and to copy said documents, information and records, either on or off the premises; and Defendants, Relief Defendant, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants or Relief Defendant, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile or e-mail transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all

(Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief          Case No._____

books and records of Defendants and Relief Defendant, wherever such books and records may be situated, and to locate and provide to representatives of the Commission information regarding the whereabouts of Defendants and Relief Defendant.

### VI. Order Granting Expedited Discovery

**IT IS HEREBY ORDERED that:**

26. The Commission may conduct expedited discovery in advance of discovery allowed by FRCP Rule 26, the Commission may take depositions of Defendants, *and* Relief Defendant, ~~and non-parties~~ subject to two calendar days notice pursuant to FRCP 30(a) and 45; notice may be given personally, by facsimile, or by e-mail, and more than ten depositions may be taken. *Depositions may be taken of non-parties subject to reasonable notice, which, depending on the circumstances, may be two calender days.*

### VII. Bond Not Required of Plaintiff

**IT IS FURTHER ORDERED that:**

27. The Commission is an agency of the United States of America and, accordingly, need not post a bond.

### VIII. Order to Show Cause

**IT IS FURTHER ORDERED that:**

28. Defendants shall appear before this Court on the **22nd** day of **June**, 2009, at **3:00**, **p**.m., before the Honorable **Maxine M. Chesney** at the United States Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, to show cause, if there be any, why an Order for Preliminary Injunction should not be granted

(Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief     Case No._____

9

1  to prohibit further violations of the Act and why the other relief requested should not be

2  granted pending trial on the merits of this action.

3      29.    Should any party wish to file a memorandum of law or other papers in

4

5  opposition to Plaintiff's Motion for a Preliminary Injunction, all papers shall be filed on or

6  before __June 17__, 2009 at 2:00 PDT and served via facsimile or overnight delivery to the

7  Commission's Washington D.C. office no later than _2:00_ o'clock _p_.m. PDT on

8  __June 17__, 2009. Any reply papers shall be filed with the Court and

9  delivered to opposing counsel no later than _3:00_ o'clock _p_.m. PDT on

10

11  __June 19__, 2009. Service of all papers shall be by electronic mail,

12  facsimile, or personal service.

13  **IX.**    **Service**

14      **IT IS FURTHER ORDERED that:**

15

16      30.    Copies of this Order may be served by any means, including facsimile and e-

17  mail transmission, upon any entity or person that may have possession, custody, or control of

18  any documents or the assets that may be subject to any provision of this Order, and,

19  additionally, that Luke Marsh, Toye Olarinde, Gretchen Lowe, Kara Mucha, Michelle

20  Bougas, and representative(s) of the U.S. Marshal Service are specially appointed by the

21

22  Court to effect service. Further, service of the Summons, Complaint, or other process may

23  be effected by any Commission representative, any U.S. Marshal or deputy U.S. Marshal, or

24  in accordance with FRCP 4, and service on corporate entities may be effected by serving the

25  Summons, Complaint, or other process via overnight delivery to the registered agent of said

26

27

28  (Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief     Case No._____

1 | corporate entities.

**X.   Force and Effect**

**IT IS FURTHER ORDERED** that:

31. This Order shall remain in full force and effect until 8:00 a.m. on June 24, 2009 or until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, on the 10th day of June, 2009 at 8:00 a.m. PDT

/s/ Maxine M. Chesney
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

---

28 | (Proposed) Order Granting Plaintiff's *Ex Parte* Application for Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief       Case No._____

11