Gretchen L. Lowe, DC Bar No. 421995
glowe@cftc.gov
Luke B. Marsh, DC Bar No. 475635
lmarsh@cftc.gov
Toye A. Olarinde, VA Bar No. 43075
aolarinde@cftc.gov
Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418-5322
Facsimile (202) 418-5531

Attorneys for Plaintiff Commodity Futures Trading Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SNC ASSET MANAGEMENT, INC., formerly Son and Company, Inc., SNC INVESTMENTS, INC., PETER SON and JIN K. CHUNG,<br><br>Defendants,<br><br>and<br><br>ANN LEE,<br><br>Relief Defendant. | Case No. CV 09-2555 MMC<br><br>(Proposed) ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF |

# I.

# INTRODUCTION

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") has filed a Complaint for permanent injunction against the corporate Defendants SNC Asset Management, Inc. ("SNC Asset"), SNC Investments, Inc. ("SNC Investments"), and individual Defendants Peter Son ("Son"), and Jin K. Chung ("Chung"). The Commission's Complaint also names Ann Lee, Peter Son's wife, as a Relief Defendant.

This matter came before the Court on an Order to Show Cause why a preliminary injunction should not issue pursuant to Section 6c of the Commodity Exchange Act as amended (the "CEA"), 7 U.S.C. § 13a-1 (2006). Docket Entry ("D.E.") 10. The Court has reviewed and considered the Complaint, Plaintiff CFTC's *ex parte* Application for a Statutory Restraining Order and Order to Show Cause, Supporting Memorandum of Points and Authorities and all exhibits, declarations, testimony and evidence submitted therewith, Plaintiff Commission's Application for Preliminary Injunction, and all other written ~~and oral~~ submissions of counsel presented to the Court.

**GOOD CAUSE APPEARING, THE COURT FINDS THAT:**

A.  This Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 6c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2)(C) of the Act, as amended by the Food, Conservation and Energy Act of 2008, Pub. L. No. 110-246, Title XIII ((subtitled the CFTC Reauthorization Act of 2008) (the "CRA")), § 13101, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2)(C).

(Proposed) Order Of Preliminary Injunction And    Case No. CV 09-2555 MMC
Other Equitable Relief

2

B.  Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), in that Defendants and Relief Defendant are found, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this district.

C.  Plaintiff CFTC has demonstrated good cause, based on the Stipulation between the counsel, to find that Defendants SNC Asset, SNC Investments and Son, and Relief Defendant Ann Lee, received actual notice of the Court's June 10, 2009 Statutory Restraining Order and Order to Show Cause, as well as Plaintiff's Application for the Statutory Restraining Order and the supporting Memorandum and all exhibits and evidence attached thereto.

D.  Plaintiff CFTC has demonstrated that it will probably succeed on the merits and that Defendants SNC Asset, SNC Investments and Son have engaged in, are engaging in, and, unless enjoined from so doing, there is a reasonable likelihood they will continue to engage in transactions, acts, practices and courses of business which constitute and will constitute violations of Sections 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C) (2008) and Regulations 1.1(b)(1)-(3), 17 C.F.R. §§ 1.1(b)(1)-(3) (2009); and Section 4f(b) of the Act, 7 U.S.C. § 6f(b) (2006), and Regulations 1.12 and 1.17(a)(1), 17 C.F.R. §§1.12, 1.17(a)(1) (2009).

E.  Good cause exists to believe that Relief Defendant Ann Lee has received, is receiving, and is about to receive funds, assets or property as a result of Defendants' violative acts and practices and has been unjustifiably enriched thereby. Relief Defendant Ann Lee does not have any legitimate interest or entitlement to these funds, assets or property received as a result of Defendants' violative conduct.

F.  Good cause exists to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants SNC Asset, SNC

Investments and Son and Relief Defendant Ann Lee of assets or records unless these Defendants and Relief Defendant Ann Lee are immediately restrained and enjoined by Order of the Court.

G.     Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants SNC Asset, SNC Investments and Son and Relief Defendant (hereinafter "assets").

H.     Good cause exists for entry of an order prohibiting Defendants SNC Asset, SNC Investments and Son and Relief Defendant Ann Lee, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with these Defendants and Relief Defendant, including any successor thereof, from destroying records and/or denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

I.     Good cause exists to require an accounting to determine the location and disposition of customer funds.

J.     Good cause exists for the Plaintiff to conduct expedited discovery in order to determine the full extent of Defendants' alleged wrongdoing, locate these Defendants' other customers, identify customers' funds and other assets, and clarify the source of various funds.

K.     Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a Preliminary Injunction is in the public interest.

## II.

## RELIEF GRANTED

### A.

*Prohibition From Violations Of The*
*Act And Commission Regulations*

**THEREFORE, IT IS HEREBY ORDERED** that Defendants SNC Asset, SNC Investments, and Son, as well as all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of these Defendants, and all persons insofar as they are acting in active concert or participation with these Defendants who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

1.  knowingly, willfully or recklessly (1) cheating or defrauding or attempting to cheat or defraud other persons; (2) making or causing to be made false reports or statements to such other persons; and/or (3) deceiving or attempting to deceive such other persons, in or in connection, with orders to make, or the making of, any contract for sale of any commodity for future delivery, for or on behalf of such persons, in violation of Sections 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C) (2008) and Regulations 1.1(b)(1)-(3), 17 C.F.R. §§ 1.1(b)(1)-(3) (2009).

2.  violating Section 4f(b) of the Act, 7 U.S.C. § 6f(b) (2006), and, Regulations 1.12 and 1.17(a)(1), 17 C.F.R. §§1.12, 1.17(a)(1) (2009), by failing to meet minimum capitalization and reporting requirements of registered futures commission merchants.

### B.

*Order Against Transfer, Dissipation, And Disposal Of Assets*

**IT IS FURTHER ORDERED that:**

1. Defendants SNC Asset, SNC Investments and Son and Relief Defendant, and their agents, servants, employees, assigns, attorneys, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of the assets, wherever located, including the assets held outside the United States, except as provided in Section II.C.2 of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and those assets acquired after the effective date of this Order.

2. Defendants SNC Asset, SNC Investments and Son and Relief Defendant are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by these Defendants or Relief Defendant.

### C.

*Accounting And Transfer Of Funds And Documents*

**IT IS FURTHER ORDERED,** that within twenty-one (21) days following the service of this Order, Defendants SNC Asset, SNC Investments and Son and Relief Defendant shall:

1. Submit to Plaintiff CFTC a verified accounting identifying: (i) the location and disposition of all funds received from customers; (ii) the location and disposition of all accounts controlled by these Defendants or Relief Defendant or held for their benefit; and (iii) the location and value of all customer assets currently held by these Defendants, as well as all other assets under these Defendants' or Relief Defendant's control or over which they may exercise actual or

apparent authority, including without limitation any assts over which they claim a right of ownership or a beneficial interest;

  2. Transfer to the territory of the United States and to the possession, custody, and control of the Commission, all funds, documents, and assets, including the assets (other than real property), located outside the United States that are held by Defendant SNC Asset, SNC Investments or Son or Relief Defendant, for their benefit, or under their direct or indirect control, whether jointly or ~~singly~~ singularly; and

  3. Provide the Commission access to all records of Defendants SNC Asset, SNC Investments and Son and Relief Defendant held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

### D.

### *Directives To Financial Institutions And Others*

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of the assets at any time since January 1, 2000, shall:

  1. Prohibit Defendants SNC Asset, SNC Investments and Son, and Relief Defendant, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of the assets, except as directed by further Order of the Court;

  2. Deny Defendants SNC Asset, SNC Investments and Son and Relief Defendant and all other persons (except for the Commission or a Court appointed receiver) access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the

benefit of these Defendants or Relief Defendant, either individually or jointly, whether in the name, alias, or fictitious "doing business as" name; or (b) otherwise subject to access by these Defendants or Relief Defendant;

      3.      Provide counsel for the Commission within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants SNC Asset, SNC Investments and Son or Relief Defendant, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants SNC Asset, SNC Investments and Son or Relief Defendant, either individually or jointly, or is otherwise subject to access by these Defendants or Relief Defendant; and

      4.      Upon request by the Commission, promptly provide the Commission and/or a Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

(Proposed) Order Of Preliminary Injunction And        Case No. CV 09-2555 MMC
Other Equitable Relief

### E.

*Maintenance Of Business Records*

**IT IS FURTHER ORDERED that** Defendants SNC Asset, SNC Investments and Son and Relief Defendant, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with these Defendants or Relief Defendant, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices, or business or personal finances of these Defendants or Relief Defendant.

### F.

*Inspection And Copying Of Books And Records*

**IT IS FURTHER ORDERED that** Representatives of the Commission shall be immediately allowed to inspect the books, records, and other documents of Defendants SNC Asset, SNC Investments and Son, and Relief Defendant, and their agents, including, but not limited to, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are in the person of these Defendants or Relief Defendant, or others, and to copy said documents, information and records, either on or off the premises; and Defendants SNC Asset, SNC Investments and Son and Relief Defendant, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the these Defendants or Relief Defendant, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile or e-mail transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of these Defendants and Relief Defendant, wherever such books and

records may be situated, and to locate and provide to representatives of the Commission information regarding the whereabouts of Defendants and Relief Defendant.

### G.

### *Order Granting Expedited Discovery*

**IT IS FURTHER ORDERED that** Plaintiff Commission may conduct expedited discovery in advance of discovery allowed by FRCP Rule 26, the Commission may take depositions of Defendants and Relief Defendant, subject to two calendar days notice pursuant to FRCP 30(a) and 45, notice may be given personally, by facsimile, or by e-mail, and more than ten depositions may be taken. Depositions may be taken of non-parties subject to reasonable notice, which, depending on the circumstances, may be two calendar days.

### III.

### SERVICE

**IT IS FURTHER ORDERED that** copies of this Order may be served by any means, including facsimile and e-mail transmission, upon any entity or person that may have possession, custody, or control of any documents or the assets that may be subject to any provision of this Order, and, additionally, that Luke Marsh, Toye Olarinde, Gretchen Lowe, Kara Mucha, Michelle Bougas, and representative(s) of the U.S. Marshal Service are specially appointed by the Court to effect service.

(Proposed) Order Of Preliminary Injunction And  Case No. CV 09-2555 MMC
Other Equitable Relief
10

### IV.

### FORCE AND EFFECT

**IT IS FURTHER ORDERED** that the Court retains jurisdiction of this matter for all purposes and that this Order shall remain in full force and effect until further order of this Court.

**SO ORDERED**, at San Francisco, California on this 19th day of July 2009.



UNITED STATES DISTRICT JUDGE

(Proposed) Order Of Preliminary Injunction And
Other Equitable Relief

Case No. CV 09-2555 MMC