Gretchen L. Lowe, DC Bar No. 421995
glowe@cftc.gov
Luke B. Marsh, DC Bar No. 475635
lmarsh@cftc.gov
Toye A. Olarinde, VA Bar No. 43075
aolarinde@cftc.gov
Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418-5322
Facsimile (202) 418-5531

Attorneys for Plaintiff Commodity Futures Trading Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SNC ASSET MANAGEMENT, INC., SNC INVESTMENTS, INC., PETER SON, and JIN K. CHUNG,<br><br>　　　　　　Defendants,<br><br>and,<br><br>ANN LEE,<br><br>　　　　　　Relief Defendant. | Case No. CV 09-2555 MMC<br><br>PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT JIN K. CHUNG |

Plaintiff, the U.S. Commodity Futures Trading Commission ("Commission"), hereby moves this Court, pursuant to Local Rule 6-1 and 6-3, for an extension of the current deadline for service upon Defendant Jin K. Chung ("Chung"). In support of this motion, the Commission states as follows:

1. On June 9, 2009, the Commission filed a complaint against the above captioned defendants and relief defendant, alleging violations of the Commodity Exchange Act. *See* Docket Entry ("DE") #1. Along with the complaint, the Commission filed an *ex parte* application for a Statutory Restraining Order (the "SRO") and a Memorandum of Points and Authorities and other supporting documentation. On June 10, 2009, the Court granted the SRO. The Court also issued an Order to Show Cause (the "OSC") why the Court should not enter a preliminary injunction that extends the equitable relief granted by the Court for the duration of the litigation and set a hearing for June 22, 2009, at 3:00 p.m.

2. On June 10, 2009, in accordance with Rule 4(f)(1) of the Federal Rules of Civil Procedure the Commission submitted a request for service of the summons and complaint to Korea's Central Authority, the Ministry of Court Administration, by using those means authorized through the *Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters* (the "Hague convention"). Enclosed with the Hague convention service request was a courtesy copy of the Court's June 10, 2009 SRO (DE #10). *See* Declaration of Toye Olarinde In Support of Motion for Extension of Time to Serve Defendant Jin K. Chung, attached hereto as Exhibit A, at ¶ 10.

3. On June 19, 2009, pursuant to a Stipulation (DE #20), the Court entered an Order Extending Statutory Restraining Order As To Defendant Jin K. Chung. That Order extended the SRO against defendant Chung, gave the Commission until July 9, 2009 to provide Chung with notice of the SRO and the OSC, and required Chung to appear before the Court on July 7, 2009 (DE #22).

4. On July 6, 2009, the Commission filed Plaintiff's Statement Re Statutory Restraining Order As To Defendant Chung (DE #23). In that Statement the Commission informed the Court that due to difficulties in serving Chung, it was unlikely that Chung would receive notice of the July 7, 2009 hearing date by that time (DE #23).

5. On July 6, 2009, the Court issued its Order Discharging Order to Show Cause; Vacating July 7, 2009 hearing (DE #24).

6. On September 25, 2009, the Commission participated in a Joint Case Management Conference. At the conclusion of the conference the Court issued a Minute Order extending the deadline for service upon defendant Chung to December 28, 2009 (DE #30).

7. On or about November 30, 2009, the Commission obtained a new address for Chung in South Korea. Using this new address, on December 11, 2009, the Commission re-initiated service through Korean authorities under the Hague convention. Exhibit A, ¶ 12.

8. On December 17, 2009 the Commission sought an extension of the December 28, 2009 deadline in order to attempt service at the new address (DE #35).

9. By Order on December 22, 2009 the Court granted the Commission's request and set March 31, 2010 as the new deadline to effect service upon defendant Chung (DE #36).

10. On March 16, 2010, the Commission received information from the Korean authorities that service was not successful. Exhibit A, ¶ 14. The documentation provided by the Korean authorities revealed that they attempted service to the wrong address. *Id.* at ¶ 15. The address used by the Korean authorities appears to be the same address the Commission provided in its June 10, 2009 Hague convention service request and not the new address provided in its December 11, 2009 Hague convention service request. *Id.* at ¶ 15. The Commission has contacted the Korean authorities and has requested that service be attempted at the new address. *Id.* at ¶ 16.

11. Additionally, the Commission was informed that the United States Attorney's Office has begun the process of attempting to extradite Chung from South Korea and have him returned to the United States to face criminal charges. Exhibit A, ¶ 17.

12. If Chung is present at the new address or if the extradition attempt is successful then it will be possible to serve Chung and provide him with notice of this action. *Id.* at ¶ 17.

13. It is not likely that the Korean authorities will serve Chung before March 31, 2010. It is also not likely that the extradition process will conclude before March 31, 2010. *Id.* at ¶ 19.

14. The Commission therefore requests an extension until June 30, 2010 to serve Chung.

15. This request for additional time is reasonable given past experience with the amount of time needed to accomplish service internationally.

16. The parties would be substantially prejudiced if this request were denied because it is believed that Chung may possess, or have knowledge of the whereabouts of investor funds. If the Commission is not granted the time necessary to serve Chung, it will limit the Commission's ability to provide full restitution to investors.

17. The Commission's case is currently set for trial beginning on March 21, 2011, and the discovery cut-off is set for August 31, 2010. Therefore, granting the Commission's motion to extend the deadline for serving Chung to June 30, 2010 should not affect the case schedule, or at most, may form a basis for a short extension of the discovery period.

18. John Feiner, counsel for defendants Peter Son, SNC Asset Management, Inc., SNC Investments, Inc., and relief defendant Ann Lee, does not object to this request.

19. Due to the Commission's inability to locate defendant Chung for service, it has not been able to obtain a stipulation with respect to this request.

For the foregoing reasons, the Commission respectfully requests that the Court grant the Plaintiff's Motion for Extension of Time to Serve Defendant Jin K. Chung.

Respectfully Submitted,

Dated: 3/24/10

_____
Toye A. Olarinde, Esq.
Commodity Futures Trading Commission
1155 21st St., NW
Washington, DC 20581
Telephone: (202) 418-5516

CERTIFICATE OF SERVICE

I certify that on March 24, 2010, I served Plaintiff's Motion for Extension of Time to Serve Defendant Jin K. Chung and proposed Order Granting Plaintiff's Motion For Extension of Time To Serve Defendant Jin K. Chung on SNC Asset Management, Inc., SNC Investments, Inc., Peter Son and Relief Defendant Ann Lee by email to counsel:

John H. Feiner
One Park Plaza, Suite 600,
Irvine, California, 92614
Telephone: 949-852-7345;
Email: jhfeiner@aol.com.

_____
Toye A. Olarinde, Esq.
Trial Attorney
Commodity Futures Trading Commission

Plaintiff's Motion For Extension of Time
To Serve Defendant Jin K. Chung                               Case No. CV 09-2555 MMC

# Exhibit A

1  Gretchen L. Lowe, DC Bar No. 421995
   glowe@cftc.gov
2  Luke B. Marsh, DC Bar No. 475635
   lmarsh@cftc.gov
3  Toye A. Olarinde, VA Bar No. 43075
   aolarinde@cftc.gov
4  Commodity Futures Trading Commission
5  1155 21st St. N.W.
   Washington, D.C. 20581
6  Telephone (202) 418-5322
7  Facsimile (202) 418-5531

8  Attorneys for Plaintiff Commodity Futures Trading Commission

9              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
10              SAN FRANCISCO DIVISION

11  _____
                                        )
12  UNITED STATES COMMODITY FUTURES     )
    TRADING COMMISSION,                 )   Case No. CV 09-2555 MMC
13                                      )
                  Plaintiff,            )   DECLARATION OF
14                                      )   TOYE A. OLARINDE IN
                                        )   SUPPORT OF MOTION FOR
15         vs.                          )   EXTENSION OF TIME TO SERVE
                                        )   DEFENDANT JIN K. CHUNG
16  SNC ASSET MANAGEMENT, INC., SNC     )
    INVESTMENTS, INC., PETER SON, and   )
17  JIN K. CHUNG,                       )
                                        )
18                Defendants,           )
                                        )
19  and,                                )
                                        )
20  ANN LEE,                            )
                                        )
21                                      )
                  Relief Defendant.     )
22  _____)

23
24
25
26
27
28

Declaration of Toye A. Olarinde In Support          Case No. CV 09-2555 MMC
Of Motion For Extension Of Time To Serve
Defendant Jin. K. Chung

I, Toye A. Olarinde, state and aver as follows:

1. I am a Trial Attorney with the Commodity Futures Trading Commission's ("Commission") Division of Enforcement and counsel of record for the plaintiff in the above-captioned matter. I am over the age of 21 years. I am of sound mind and capable of making this declaration. I suffer no legal disabilities. Unless indicated otherwise, I have knowledge of each and every fact stated herein. Each and every fact stated herein is true and correct to the best of my knowledge.

2. Defendant, Jin K. Chung ("Chung"), is believed to be located in the Republic of Korea based on information received from customers that invested with SNC Asset and federal government sources.

3. On June 10, 2009, the Court in the above-captioned matter entered an Order Granting Plaintiff's Ex Parte Statutory Restraining Order, Order for An Accounting, Order Granting Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief ("SRO"), which among other things, froze defendant Chung's assets. *See* Docket Entry ("DE") #10.

4. Accordingly, on June 10, 2009, I sent the SRO via Federal Express ("Fed Ex") to notify Chung of the SRO in the above captioned action.

5. I also enclosed with the SRO the following documents:

   - Civil Cover Sheet
   - Summons (English)
   - Summons (Korean)
   - Complaint For Injunctive And Other Equitable Relief And For Civil Penalties Under The Commodity Exchange Act, As Amended, 7 U.S.C. §§ 1-25 (English)
   - Complaint For Injunctive And Other Equitable Relief And For Civil Penalties Under The Commodity Exchange Act, As Amended, 7 U.S.C. §§ 1-25 (Korean).
   - Plaintiff's Application For Ex Parte Statutory Restraining Order, Order For An Accounting, Order Granting Expedited Discovery, Order To Show Cause Regarding Preliminary Injunction, And Other Equitable Relief

Declaration of Toye A. Olarinde In Support          Case No. CV 09-2555 MMC
Of Motion For Extension Of Time To Serve
Defendant Jin. K. Chung

2

- Memorandum Of Points And Authorities In Support Of Plaintiff's Statutory Restraining Order And Order To Show Cause
- Declaration of Toye A. Olarinde Authenticating Exhibits In Support Of Motion For a Statutory Restraining Order
- Exhibits to Memorandum Of Points And Authorities In Support Of Plaintiff's Statutory Restraining Order And Order To Show Cause (on a disk).
- Administrative Motion to Consider Whether Cases Should Be Related
- Declaration of Luke B. Marsh In Support of Plaintiff's *Ex Parte* Application For Statutory Restraining Order and Order to Show Cause
- Order Setting Initial Case Management Conference And ADR Deadlines
- Notice of Availability of a Magistrate Judge to Exercise Jurisdiction
- Consent To Proceed Before A United States Magistrate Judge
- Brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California.
- ECF Registration Information Handout
- Brochure entitled "Welcome to the U.S. District Court, San Francisco Office Hours: 9:00 A.M. to 4:00 P.M."
- Docket Sheet

The cover letter and documents were forwarded to Chung at: Qummaeul, Apartment 311-1301 #933, Pyeongchon-dong, Dongan-gu, Anyang-Si, Gyeonggi-do, Korea.

6. On June 16, 2009, I learned after tracking the location of the documents through www.fedex.com that delivery was attempted but that the address was incorrect.

7. On June 16, 2009, I contacted Fed Ex via telephone and was informed that they received information about a new address and would attempt to make another delivery to the new address on June 17, 2009. I also independently received information about another address for Chung on June 16. The new address I received was Doh Gok I-Park 3 103-303, Doh Gok-Dong, Kang Nam-Gu, Seoul, Republic of Korea. Fed Ex confirmed that this was the same as the new address that they intended to use and reiterated that they would attempt to make another delivery on June 17.

8. On June 17, 2009, I contacted Chandrika Reaves, an International Customer Advocate for Fed Ex, who informed me that they attempted a delivery at the new

Declaration of Toye A. Olarinde In Support Of Motion For Extension Of Time To Serve Defendant Jin. K. Chung

Case No. CV 09-2555 MMC

3

address in Doh Gok I-Park 3 103-303, Doh Gok-Dong, Kang Nam-Gu, Seoul, Korea, but that Chung was no longer at this address.

9. Separately, on or about June 1, 2009, Elizabeth Padgett, an attorney with the Commission, made arrangements to provide Chung with formal service pursuant to Rule 4(f)(1) of the Federal Rules of Civil Procedure ("FRCP") by using those means authorized through the *Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters* (the "Hague convention").

10. On June 10, 2009, in accordance with the FRCP and the Hague convention, Ms. Padgett, submitted a request for service to Korea's Central Authority, the Ministry of Court Administration, for service of the Summons and Complaint in this matter. Ms. Padgett also enclosed with the Hague convention service request a courtesy copy of the Court's June 10, 2009 SRO (DE #10) and requested that, simultaneously with the service of the Summons and Complaint, the Ministry of Court Administration provide Chung with the SRO.

11. On or about August 12, 2009, we received correspondence dated July 10, 2009, from the Anyang Branch Court of Suwon District Court that service was not successful because the address was unknown.

12. Through other law enforcement officials, on or about November 30, 2009, I obtained another address for Chung in Seoul, South Korea. Using this address, Ms. Padgett re-initiated the Hague convention process for serving Chung on December 11, 2009.

13. This December 11, 2009 Hague convention service request contained the same documents that were sent in the June 10, 2009 request.

Declaration of Toye A. Olarinde In Support    Case No. CV 09-2555 MMC
Of Motion For Extension Of Time To Serve
Defendant Jin. K. Chung

4

14. On or about March 16, 2010, we received correspondence dated February 1, 2010, from the Anyang Branch Court of Suwon District Court, that service was not successful.

15. After I reviewed the documentation provided by the Korean authorities and discussed this matter with Elizabeth Padgett and another Commission employee, Byung Chan Jung, it was evident that the Korean authorities served the wrong address. The address used by the Korean authorities was the same address the Commission provided in our June 10, 2009 Hague convention service request and not the new address provided in our December 11, 2009 Hague service request.

16. Byung Chan Jung has contacted the Korean authorities and has requested that service be attempted at the new address.

17. Peter C. Son is a co-defendant with Chung in the Commission's case. Son has also been charged in a criminal action, *United States v. Son*, No. CR-09-00755-DLJ (N.D. Cal.), that is based on the same fraudulent scheme as the Commission's case and is pending before Judge Jensen of this district. I am informed and believe that the United States Attorney's Office has begun the process of attempting to extradite Chung from South Korea and have him returned to the United States to face criminal charges. In the event that extradition is successful it is my understanding that the Commission can serve Chung in Korea while he submits to the extradition process or in the United States upon his return.

18. This Court previously extended the deadline for serving Chung to March 31, 2010 (DE #36).

Declaration of Toye A. Olarinde In Support  Case No. CV 09-2555 MMC
Of Motion For Extension Of Time To Serve
Defendant Jin. K. Chung

5

19. It is not likely that the Korean authorities will be able to effect service at the correct address prior to March 31, 2010. Additionally, it is unlikely that the extradition process will conclude prior to March 31, 2010.

20. The Commission's case has been widely publicized in Internet news media, including Korean-language media. Although Chung may have learned of the case through the media, he has never contacted the Commission's counsel, and the Commission's counsel has otherwise been unable to establish contact with him. Therefore, the Commission has not been able to seek Chung's stipulation to an extension of time.

21. The parties would be substantially prejudiced if this request were denied because it is believed that Chung may possess, or have knowledge of the whereabouts of investor funds. If the Commission is not granted the time necessary to serve Chung, it will limit the Commission's ability to provide full restitution to investors.

22. The Commission's case is currently set for trial beginning on March 21, 2011, and the discovery cut-off is set for August 31, 2010. Therefore, granting the Commission's motion to extend the deadline for serving Chung to June 30, 2010 should not affect the case schedule, or at most, may form a basis for a short extension of the discovery period.

23. John Feiner, counsel for the remaining defendants, does not oppose the Commission's motion seeking an extension until June 30, 2010 to serve Chung.

24. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge after a diligent inquiry.

Respectfully Submitted,

Dated: 3/24/10

_____
Toye A. Olarinde, Esq.
Commodity Futures Trading Commission
1155 21st St., NW
Washington, DC 20581
Telephone: (202) 418-5516

Declaration of Toye A. Olarinde In Support          Case No. CV 09-2555 MMC
Of Motion For Extension Of Time To Serve
Defendant Jin. K. Chung

7

Gretchen L. Lowe, DC Bar No. 421995
glowe@cftc.gov
Luke B. Marsh, DC Bar No. 475635
lmarsh@cftc.gov
Toye A. Olarinde, VA Bar No. 43075
aolarinde@cftc.gov
Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418-5322
Facsimile (202) 418-5531

Attorneys for Plaintiff Commodity Futures Trading Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SNC ASSET MANAGEMENT, INC., SNC INVESTMENTS, INC., PETER SON, and JIN K. CHUNG, <br><br> Defendants, <br><br> and, <br><br> ANN LEE, <br><br> Relief Defendant. | Case No. CV 09-2555 MMC <br><br> (proposed) ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT JIN K. CHUNG |

(proposed) Order Granting Plaintiff's Motion For
Extension of Time To Serve
Defendant Jin K. Chung                                           Case No. CV 09-2555 MMC

By Order issued December 22, 2009, (Docket Entry No. 36), plaintiff, the U.S. Commodity Futures Trading Commission ("Commission"), was given until March 31, 2010, to effect service upon defendant Jin K. Chung.

Before the Court is Plaintiff's Motion for Extension of Time to Serve Defendant Jin K. Chung. Plaintiff represents that it continues to make attempts to serve defendant Chung through the Korean authorities. Additionally plaintiff represents that the extradition process has been initiated and seeks additional time to effect service during or after the extradition of the defendant to the United States.

Upon consideration of the plaintiff's Motion the Court hereby GRANTS the plaintiff's request for additional time to serve the defendant. The plaintiff shall have until June 30, 2010 to serve defendant Chung.

**IT IS SO ORDERED**

Dated: March _____, 2010.


_____
MAXINE M. CHESNEY
United States District Judge