1  Gretchen L. Lowe, DC Bar No. 421995
   glowe@cftc.gov
2  Kevin K. Batteh, DC Bar No. 482081
   kbatteh@cftc.gov
3  Commodity Futures Trading Commission
   1155 21st St. N.W.
4  Washington, D.C. 20581
   Telephone (202) 418-5636
5  Facsimile (202) 418-5531

6

7  Attorneys for Plaintiff Commodity Futures Trading Commission

8              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION

10 _____

11 UNITED STATES COMMODITY FUTURES      )
   TRADING COMMISSION,                  )
12                                      )
                                        )
13              Plaintiff,              )
                                        )
14        vs.                           )
                                        )   Case No. CV 09-2555MMC
15 SNC ASSET MANAGEMENT, INC., SNC      )
   INVESTMENTS, INC., PETER SON and     )   SUPPLEMENTAL CONSENT
16 JIN K. CHUNG,                        )   ORDER SETTING JUDGMENT
                                        )   AND CIVIL MONETARY
17                                      )   PENALTY AND ADDRESSING
                                        )   RESTITUTION AGAINST
18              Defendants,             )   DEFENDANTS SNC
                                        )   ASSET MANAGEMENT, INC.,
19 and,                                 )   SNC INVESTMENTS, INC.,
                                        )   AND PETER SON AND
20                                      )   RELIEF DEFENDANT
                                        )   ANN LEE
21 ANN LEE,                             )
                                        )
22              Relief Defendant.       )
                                        )
23 _____    )

24

25

26

27

28 Supplemental Consent Order                    Case No. CV 09-2555MMC

# I.

## INTRODUCTION

On June 9, 2009, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a civil enforcement action against Defendants SNC Asset Management, Inc. ("SNC Asset"), SNC Investments, Inc. ("SNC Investments"), Peter Son ("Son") and Jin K. Chung ("Chung")[1], seeking injunctive and other equitable relief, and the imposition of restitution and civil monetary penalties, for violations of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), § 13102-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Commission's Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1 *et seq.* (2009).  (See, Complaint for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief ("Complaint") (DE# 1)).  The Complaint also named Defendant Son's wife, Ann Lee ("Lee"), as a Relief Defendant, seeking disgorgement of the ill gotten gains she received from her husband.

---

[1] On June 16, 2011, this Court entered an Order Dismissing Without Prejudice Plaintiff's Claims Against Jin K. Chung (DE# 67) as the Commission was unable to effect service of Chung after repeated attempts including several attempts via the *Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters.*

Supplemental Consent Order                           Case No. CV 09-2555MMC

On June 10, 2009, this Court entered a Statutory Restraining Order ("SRO") and Order for Other Equitable Relief prohibiting the transfer, dissipation or disposal of Defendants' and Relief Defendant's assets, ordering an accounting of Defendants' and Relief Defendant's assets, prohibiting the destruction of documents, permitting the Commission access to all of Defendants' and Relief Defendant's books and records, and authorizing expedited discovery. (DE# 10).

On June 19, 2009, this Court entered an Order of Preliminary Injunction and Other Equitable Relief, prohibiting further violations of the Act by Defendants SNC Asset, SNC Investments, and Son, and continuing the provisions of the SRO against those Defendants and Relief Defendant (DE# 21).

On May 13, 2011, this Court entered a Consent Order of Permanent Injunction and Other Relief Against Defendants SNC Asset Management, Inc., SNC Investments, Inc., Peter Son and Order of Disgorgement as to Relief Defendant Ann Lee ("Consent Order") (DE# 64) that found: (1) SNC Asset, SNC Investments and Son violated Sections 4b(a)(2)(A)-(C) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(2)(A)-(C); and SNC Investments and Son violated Section 4f(b) of the Act, 7 U.S.C. § 4f(b) (2006), and Regulations 1.12 and 1.17(a)(1), 17 C.F.R. §§1.12 and 1.17(a)(1) (2009). The Consent Order enjoins SNC Asset Management, Inc., SNC Investments, Inc., and Peter Son ("Defendants") from further violations of the Act and Regulations, and permanently prohibits them from, among other things: trading on or subject to the rules of any registered entity; engaging, controlling or directing the trading of commodity futures, options on commodity futures, commodity options, and foreign currency; and from seeking registration or claiming

Supplemental Consent Order                            Case No. CV 09-2555MMC

exemption from registration with the Commission in any capacity engaging in any activity requiring such registration or exemption from registration, or acting as a principal, agent or and any other officer or employee or any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

The Consent Order also requires Defendants to pay restitution and a civil monetary penalty and it requires that Relief Defendant Ann Lee disgorge certain payments made to her. This Supplemental Consent Order Setting Judgment For Restitution and Civil Monetary Penalty ("Supplemental Consent Order") sets out the amount of restitution and civil monetary penalty to be paid by Defendants and the disgorgement amount to be paid by Relief Defendant Ann Lee.

II.

CONSENTS AND AGREEMENTS

1.      To effect settlement of the matters alleged in the Complaint, without a trial on the merits or any further judicial proceedings, Defendants SNC Asset, SNC Investments, Son and Relief Defendant Ann Lee consent to the entry of this Supplemental Consent Order.

2.      Defendants SNC Asset, SNC Investments, and Son admit that this Court has jurisdiction over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.  Relief Defendant Lee admits that, as a

Supplemental Consent Order                                  Case No. CV 09-2555MMC

relief defendant, no separate subject matter jurisdiction need be asserted over her. *See, e.g.,*

*CFTC v. Kimberlynn Creek Ranch*, 276 F.3d  187, 191 (4th Cir. 2002).

      3.      Defendants SNC Asset, SNC Investments, Son, and Relief Defendant Lee

admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C.

§ 13a-1 (2006), in that certain of the acts and practices alleged in the Complaint occurred in

this District.

      4.      In addition, Defendants SNC Asset, SNC Investments, Son, and Relief

Defendant Lee, waive: (a) any and all claims that they may possess under the Equal Access

to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the

Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2011), relating to or arising from this action; (b) any

and all claims that they may possess under the Small Business Regulatory Enforcement

Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as

amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to or arising

from this action; (c) any claim of Double Jeopardy based upon the institution of this

proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or

any other relief; and (d) all rights of appeal from this action.

      5.      Defendants SNC Asset, SNC Investments, Son, and Relief Defendant Lee,

agree that neither they nor any of their agents or employees under their authority or control

shall take any action or make any public statement denying, directly or indirectly, any

allegation in the Complaint or findings or conclusions in the Consent Order or this

Supplemental Consent Order or creating, or tending to create, the impression that the

Complaint, Consent Order or this Supplemental Consent Order is without a factual basis;

Supplemental Consent Order                    Case No. CV 09-2555MMC

provided, however, that nothing in this provision shall affect Defendants' and Relief

Defendant's (a) testimonial obligations; or (b) right to take legal positions in other

proceedings to which the Commission is not a party.  Defendants SNC Asset, SNC

Investments, Son, and Relief Defendant Lee, shall take all necessary steps to ensure that all

of their agents and employees under their authority or control understand and comply with

this agreement.

6.      Defendants SNC Asset, SNC Investments, Son, and Relief Defendant Lee,

agree that they have read this Supplemental Consent Order and agree to it voluntarily and

that no promise or threat has been made by the Commission or any member, officer, agent or

representative thereof, or by any other person, to induce consent to this Supplemental

Consent Order, other than as set forth specifically herein.

7.      Defendants SNC Asset, SNC Investments, Son, and Relief Defendant Lee,

consent to the continued jurisdiction of this Court in order to implement and carry out the

terms of this Supplemental Consent Order and the Consent Order, to ensure compliance with

this Supplemental Consent Order and the Consent Order, for any suitable application or

motion for additional relief within the jurisdiction of this Court, and for any other purposes

relevant to this action, even if Defendants SNC Asset, SNC Investments, Son, or Relief

Defendant Lee now or in the future resides outside this District.

8.      The Court, being fully advised in the premises, finds that there is good cause

for the entry of this Supplemental Consent Order and that there is no just reason for delay.

The Court therefore directs the entry of findings of fact, conclusions of law and a permanent

injunction and ancillary equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1

Supplemental Consent Order                                    Case No. CV 09-2555MMC

6

(2006), as set forth herein.

III.

CONCLUSIONS OF LAW

1.      This Court has jurisdiction over the subject matter of this action pursuant to Section 6c of the Act, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2.      Venue properly lies with this Court pursuant to Section 6c of the Act.

3.      This Court has personal jurisdiction over Defendants SNC Asset, SNC Investment, Son, and Relief Defendant Lee, who have acknowledged service of the Complaint and consented to the Court's jurisdiction.

4.      Defendants SNC Asset, SNC Investment, Son, and Relief Defendant Lee, have agreed to this Court's retention of continuing jurisdiction of this action in order to carry out and enforce the terms of the Consent Order and this Supplemental Consent Order.

5.      Based upon principles of equity, there is good cause for entry of an order directing Defendants SNC Asset, SNC Investments and Son to make restitution to the defrauded investors.

6.      There is good cause for entry of an order requiring Defendants SNC Asset, SNC Investments, and Son to pay a civil monetary penalty for their violations of the Act and Regulations and for the Relief Defendant to disgorge funds received from the Defendants.

Supplemental Consent Order                          Case No. CV 09-2555MMC

IV.

EQUITABLE RELIEF

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Defendants SNC Asset, SNC Investments and Son's violations of the Act and Regulations merit the award of significant restitution.   However this Court recognizes that the court in a related criminal matter, *United States v. Peter C. Son*, No. CR 09-00755 DLJ (N.D. Cal. filed July 27, 2009), has already ordered restitution in the amount of $60,302,886.59 to Defendants' defrauded investors for the misconduct at issue in this matter. Accordingly, additional restitution is not ordered in this matter.[2]

2.      Defendants SNC Asset, SNC Investments and Son shall pay jointly and severally, a civil monetary penalty in the amount of $5,000,000 within ten (10) days of the date of entry of this Order, plus post judgment interest (the "CMP Obligation").

3.      Should Defendants not satisfy their CMP Obligation within ten (10) days of the date of entry of this Order, post judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961. Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made

---

[2] On April 9, 2010, Defendant Son pleaded guilty in a related criminal action captioned *United States v. Peter C. Son*, No. CR 09-00755 DLJ (N.D. Cal. filed July 27, 2009).  On July 30, 2010, Son was sentenced to 180 months in custody.   On October 25, 2011 Son was ordered to pay restitution in the amount of $60,302,886.59.

Supplemental Consent Order                              Case No. CV 09-2555MMC

8

by other than electronic funds transfer, the payments shall be made payable to the

Commodity Futures Trading Commission, and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN:  Accounts Receivables – AMZ 340
> E-mail Box:  9-AMC-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: 405-954-5644

If payment by electronic transfer is chosen, Defendants shall contact Linda Zurhorst or her

successor at the above address to receive payment instruction and shall fully comply with

those instructions.  Defendants shall accompany payment of their penalty with a cover letter

that identifies Defendants and the name and docket number of this proceeding.  Defendants

shall simultaneously transmit copies of the cover letter and the form of payment to (1) the

Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st

Street, N.W., Washington, D.C. 20581 and (2) the Chief, Office of Cooperative Enforcement,

Division of Enforcement, Commodity Futures Trading Commission, at the same address.

4.   Relief Defendant Lee shall disgorge $300,000.

5.   Disgorgement shall be paid  by electronic funds transfer, U.S. postal money order,

certified check, bank cashier's check, or bank money order.  If payment is to be made by

other than electronic funds transfer, the payments shall be made payable to the Commodity

Futures Trading Commission, and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement

Supplemental Consent Order                                Case No. CV 09-2555MMC

9

ATTN:  Accounts Receivables – AMZ 340
E-mail Box:  9-AMC-AMZ-AR-CFTC
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: 405-954-5644

If payment by electronic transfer is chosen, Lee shall contact Linda Zurhorst or her successor at the above address to receive payment instruction and shall fully comply with those instructions.  Lee shall accompany payment of her disgorgement with a cover letter that identifies Lee and the name and docket number of this proceeding.  Lee shall simultaneously transmit copies of the cover letter and the form of payment to (1) the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581 and (2) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, at the same address.

VI.

MISCELLANEOUS PROVISIONS

1.      If any provision of this Supplemental Consent Order or the application of any provision or circumstance is held invalid, the remainder of this Supplemental Consent Order, and the application of the provision to any other person or circumstance, shall not be affected by the holding.

2.      This Court shall retain jurisdiction of this action in order to implement and carry out the terms of this Supplemental Consent Order and the Consent Order, to ensure compliance with this Supplemental Consent Order and the Consent Order, to entertain any

Supplemental Consent Order                              Case No. CV 09-2555MMC

10

suitable application or motion for additional relief within the jurisdiction of this Court, and

for any other purposes relevant to this action, even if Defendants SNC Asset, SNC

Investments, Son, or Relief Defendant Lee now or in the future resides outside this District.

3.      All notice required to be given by any provision in this Order shall be sent by

overnight mail (e.g., Federal Express) or email, as follows:

Notice to the Commission:   Gretchen Lowe
                            Associate Director, Division of Enforcement
                            Commodity Futures Trading Commission
                            1155 21st Street, NW
                            Washington, D.C. 20581
                            (202) 418-5379
                            glowe@cftc.gov

Notice to the Defendants:   John H. Feiner, Esq.
                            Attorney for Defendants SNC Asset, SNC Investment,
                            Son and Relief Defendant Lee
                            One Park Plaza, Suite 600
                            Irvine, CA  92651
                            (949) 852-7345
                            jhfeiner@aol.com

4.      In the event that the Defendants or Relief Defendant Ann Lee change their

residential or business telephone number(s) and/or address(es) at any time, they shall provide

written notice of the new number(s) and/or address(es) to the Commission within ten

calendar days thereof.

5.      The failure of any party to this Supplemental Consent Order at any time to

require performance of any provision of this Supplemental Consent Order shall in no manner

affect the right of the party or investor to enforce the same or any other provision of this

Supplemental Consent Order                          Case No. CV 09-2555MMC

Supplemental Consent Order at a later time.  No waiver in one or more instances of the breach of any provision contained in this Supplemental Consent Order shall be deemed or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Consent Order.

**IT IS SO ORDERED**, on the 19th day of __April__, 2012.

_____
MAXINE M. CHESNEY
United States District Judge
Northern District of California

Supplemental Consent Order                    Case No. CV 09-2555MMC

12

CONSENTED TO AND APPROVED BY:

Dated: 4/16/12

*Gretchen L. Lowe*

Kevin K. Batteh, Chief Trial Attorney
Gretchen L. Lowe, Associate Director
*Attorneys for Plaintiff*
Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581

Dated: _____

Peter Son, Defendant, signing individually and
on behalf of Defendants SNC Asset
Management, Inc., and SNC Investments, Inc.

Dated: 10/10/204

Ann Lee, Relief Defendant

Dated: 10-18-11

John H. Feiner, Esq.
*Attorney for Defendants SNC Asset
Management Inc., SNC Investments, Inc.,
Peter Son and Relief Defendant Ann Lee*
One Park Plaza, Suite 600
Irvine, CA 92651

Supplemental Consent Order                    Case No. CV 09-2555MMC

CONSENTED TO AND APPROVED BY:

Dated: _____

_____
Kevin K. Batteh, Chief Trial Attorney
Gretchen L. Lowe, Associate Director
*Attorneys for Plaintiff*
Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581

Dated: ___10/11/11___

_____
Peter Son, Defendant, signing individually and
on behalf of Defendants SNC Asset
Management, Inc., and SNC Investments, Inc.

Dated: _____

_____
Ann Lee, Relief Defendant

Dated: ___10-18-11___

_____
John H. Feiner, Esq.
*Attorney for Defendants SNC Asset
Management Inc., SNC Investments, Inc.,
Peter Son and Relief Defendant Ann Lee*
One Park Plaza, Suite 600
Irvine, CA  92651

Supplemental Consent Order                     Case No. CV 09-2555MMC

13